USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/14/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASON WINTERS,

    Plaintiff,

-against-

NYCDOC; RIKERS ISLAND; RIKERS ISLAND CENTRAL CASHIER; K. SMALLS, WARDEN OF AMKC; SHERMA DUNBAR, WARDEN OF MDC,

    Defendants.

19-CV-7271 (RA)

ORDER OF SERVICE

RONNIE ABRAMS, United States District Judge:

Plaintiff, currently detained in the George R. Vierno Center on Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants have violated his rights. By order dated August 8, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1]

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*,"

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

### A. New York City Department of Correction (NYCDOC)

Plaintiff's claims against the NYDOC must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York and directs the Clerk of Court to amend the caption of this action to replace the NYDOC with the City of New York. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

### B. Rikers Island

Plaintiff's claims against Rikers Island must also be dismissed. Section 1983 provides that an action may be maintained against a "person" who has deprived another of rights under the "Constitution and Laws." 42 U.S.C. § 1983. Rikers Island is not a "person" within the meaning of § 1983. *See generally Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (state is not a "person" for the purpose of § 1983 claims); *Zuckerman v. Appellate Div., Second Dep't Supreme Court*, 421 F.2d 625, 626 (2d Cir. 1970) (court not a "person" within the meaning of 42 U.S.C.

§ 1983); *Whitley v. Westchester Cnty. Corr. Fac. Admin.*, No. 97-CV-420 (SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997) (correctional facility or jail not a "person" within the meaning of § 1983). Therefore, Plaintiff's claim against Rikers Island must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## C.    Rikers Island Central Cashier

Plaintiff's claims against the Rikers Island Central Cashier must also be dismissed. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing a defendant's direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). An individual defendant can be personally involved in a § 1983 violation if:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [the plaintiff] by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.[2]

---

[2] "Although the Supreme Court's decision in [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations," the Second Circuit has not yet examined that issue. *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013). This Court has already expressed its

3

Plaintiff does not allege any facts showing how the Rikers Island Central Cashier was personally involved in the events underlying his claims. Plaintiff's claims against this Defendant are therefore dismissed without prejudice to Plaintiff naming this Defendant in an amended complaint, if he can allege its personal involvement in the events underlying his claims. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.     Waiver of Service**

The Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that the City of New York; K. Smalls, Warden of AMKC; and Sherma Dunbar, Warden of MDC, waive service of summons.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Court dismisses Plaintiff's claims against the NYDOC, Rikers Island, and the Rikers Island Central Cashier. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to add the City of New York as a Defendant under Fed. R. Civ. P. 21.

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Defendants the City of New York; K. Smalls, Warden of AMKC; and Sherma Dunbar, Warden of MDC, waive service of summons.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

---

view that Colon remains good law. *See Phillip v. Schriro*, No. 12-CV-8349 (RA), 2014 WL 4184816, at *4 (S.D.N.Y. Aug. 22, 2014).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: August 14, 2019
New York, New York

_____
RONNIE ABRAMS
United States District Judge