UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/21/2020
```

JASON WINTERS,

      Plaintiff,

-against-

THE CITY OF NEW YORK, WARDEN KISA SMALLS, and WARDEN SHERMA DUNBAR,

      Defendants.

1:19-cv-07271 (MKV)

**OPINION AND ORDER**

MARY KAY VYSKOCIL, United States District Judge:

  Pro Se Plaintiff Jason Winters filed this action seeking damages against the City of New York and two wardens of New York City Department of Correction facilities for their alleged failure to provide him access to the courts while incarcerated. Specifically, Mr. Winters alleges that due to delays in sending and receiving mail while he was detained pre-trial at several New York City facilities, he missed court deadlines related to a New York State Article 78 petition in connection with his pending criminal case. Defendants moved to dismiss the Complaint. For the reasons stated herein, the Motion is GRANTED.

## BACKGROUND

  The facts as stated herein are based on Plaintiff's allegations in the Complaint, as further explained in the Plaintiff's opposition to Defendants' motion.[1] While the Court ordinarily will only consider facts pleaded in the Complaint, *see Case v. City of New York*, 233 F. Supp. 3d 372, 395 (S.D.N.Y. 2017) ("A claim that is asserted in a brief but not in a pleading is not a properly pleaded claim, and the Court will not deem the pleading amended by the brief."), given that

---

[1] Plaintiff's Opposition to the Motion to Dismiss [ECF #24] was filed more than four months after the Motion was filed, and is captioned "Memorandum of Law in Support of Plaintiff's Motion to Amend the Complaint." The Court subsequently issued an order [ECF #26] stating that the Plaintiff could file an Amended Complaint, and that if he failed to do so, the Court would construe the memorandum of law as an opposition to the motion to dismiss. As of the date of this opinion, no amended complaint has been filed.

Plaintiff is pro se, the Court here uses the clarifications in the Plaintiff's Opposition to "construe [the Complaint] liberally" and to "interpret[ the complaint] 'to raise the strongest arguments that [it] suggest[s].'" *Nicholas v. Bratton*, No. 15-cv-9592 (JPO), 2019 WL 2223407, at *3 (S.D.N.Y. May 23, 2019) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

As the Court understands the facts, Plaintiff was detained pre-trial at three different New York City Department of Correction facilities, including Rikers Island and the Metropolitan Detention Complex. *See* Complaint at 4; Plaintiff Opposition at 9, 16. While detained, Plaintiff commenced an Article 78 proceeding in New York State Court through a request for an order to show cause. Complaint at 4. Plaintiff sought to challenge a previous order in his criminal case which ordered him to submit to a buccal swab for DNA testing. *Id*; Plaintiff Opposition at 10. Plaintiff placed his papers in the prison mailbox on April 5, 2019, but they did not reach the United States Postal Service until April 12. Complaint at 4. The package was sent by certified mail, which recorded its arrival at the New York State courthouse on April 19, 2019. *Id.* However, Plaintiff did not receive anything back from the Court until June 3, 2019, which was too late to permit him to serve the relevant parties to challenge the DNA order. *Id.* The swab appears to have been scheduled for May 6, 2019, and Plaintiff does not indicate that date was changed. *See* Plaintiff Opposition at 10.

Plaintiff now brings this case claiming that as a result of the delays in his mail. he was denied his constitutional right of access to the courts. Complaint at 5; Plaintiff Opposition at 11. Plaintiff argues that the facility delayed both in sending and delivering mail to him—in violation of New York City Board of Correction Minimum Standards—causing the denial of access. Complaint at 4-5; Plaintiff Opposition at 13. Plaintiff includes with his Complaint three

grievances he filed using the Department of Correction administrative relief procedures, but does not explain whether or how those grievances finally were resolved. [2] *See* Complaint at 8-13.

Defendants have moved to dismiss the Complaint on two grounds.  First, Defendants claim that Plaintiff has not alleged adequately a claim for which he was denied access to the Courts.  *See* Defendants' Memorandum in Support, ECF 15, at 4-8.  In short, Defendants argue that Plaintiff's Article 78 proceeding was frivolous, and cannot support a cause of action for denial of access to the courts.  *See* Reply Memorandum of Law in Further Support, ECF 27, at 4-6.  Second, Defendants argue that even if Plaintiff has alleged a non-frivolous claim for which he was denied access to the courts, he has not alleged a basis for finding liability against either of the individual defendants or against the City on a municipal liability theory.

## DISCUSSION

*A.     Standard of Review*

On a motion to dismiss, the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in Plaintiff's favor. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007).  The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is *legally sufficient.*" *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985) (emphasis added).  The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

---

[2] Defendants submit that Plaintiff's grievances could not have been resolved in the time between when he submitted them, May 17, 2019, and when this case was filed, June 14, 2019.  *See* Memorandum in Support of Motion, ECF #15, at 9 n.3.  As a result, Defendants submit that Plaintiff has not exhausted his administrative remedies as required.  *See* 42 U.S.C. § 1997e(a).  Because the Court determines that the Complaint fails for several other independent reasons, the Court does not reach this issue, including whether "nonexhaustion is clear from the face of the complaint." Memorandum in Support of Motion at 9 n.9 (quoting *McCoy v. Goord*, 255 F. Supp. 2d 233, 251 (S.D.N.Y. 2003)).

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In a case brought by a pro se plaintiff, "[i]t is well established that the submissions of a pro se litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Nicholas v. Bratton*, No. 15-cv-9592 (JPO), 2019 WL 2223407, at *3 (S.D.N.Y. May 23, 2019) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). More importantly to this case, the Court may consider factual statements made in the pro se Plaintiff's opposition to the motion to dismiss. *See Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) ("A district court deciding a motion to dismiss may consider factual allegations made by a pro se party in his papers opposing the motion."). Applying the pleading rules permissively is particularly appropriate when, as here, a pro se Plaintiff alleges civil rights violations. See *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). In light of this, the Court will consider Plaintiff's further explanation of his claims (and the claims he wanted to assert in his Article 78 proceeding) in his Opposition to the Motion. However, the Court will not, because it cannot, "invent factual allegations" that Plaintiff could have made but did not. *Id.*

B.   *Plaintiff's Right to Access the Courts*

Based in the First Amendment to the U.S. Constitution, a prisoner has a right to reasonable access to the courts while incarcerated to challenge convictions or conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 356 (1996). To state a claim for a denial of access to the Courts, a plaintiff must allege that "(1) he suffered an 'actual injury,' (2) to a non-frivolous legal claim, (3) concerning his criminal conviction, habeas corpus petition, or conditions of

confinement." *Crosby v. Petermann*, No. 18-CV-9470 (JGK), 2020 WL 1434932, at *11 (S.D.N.Y. Mar. 24, 2020) (quoting *Kaminski v. Semple*, 796 Fed. App'x 36, 39 (2d Cir. 2019)); *Lewis*, 518 U.S. at 352-54. In addition, Plaintiff must allege that the official(s) who prevented his access did so deliberately or maliciously. *Jean-Laurent v. Lawrence*, 2013 WL 1129813, at *4 (S.D.N.Y. Mar. 19, 2013) (citing *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003)). A claim is "frivolous" where "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Put another way, "[a]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir.1998) (internal quotations and citations omitted). A legal theory is "indisputably meritless" when it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Id*.

Plaintiff's claims here fail because, based on the allegations in the Complaint (as supplemented by his Opposition to this Motion), Plaintiff does not have a right to access to the state courts in connection with his Article 78 proceeding since it does not concern his criminal conviction, a habeas petition, or conditions of his confinement. Moreover, while he alleges an "actual injury" (*i.e.* that he was unable to serve the papers for his proceeding as required), the proceeding itself was barred by statute and clearly established caselaw.

As an initial matter, an incarcerated person's right to reasonable access to the courts is claim-specific. Specifically, the right attaches only to claims that "challeng[e the plaintiff's] convictions or conditions of confinement." *Lewis*, 518 U.S. at 356. Indeed, "[i]mpairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* at 355 (emphasis in original). In this case, that means that to assert a denial of access claim, the buccal swap that Plaintiff sought to

challenge in the Article 78 proceeding must have impacted either a conviction or his confinement in prison. Based on Plaintiff's Complaint, the Court cannot determine when or even whether Plaintiff was convicted of a crime using the buccal swap evidence. Plaintiff does not state whether he was convicted, whether there were any appeals, or whether he was represented by counsel in his simultaneous criminal prosecution.[3] The Court, thus, cannot find—even on a liberal reading of Plaintiff's allegations—that the buccal swap was implicated in any conviction, nor can the Court conclude that the buccal swap, taken while Plaintiff was already incarcerated, affected his conditions of confinement. As a result, Plaintiff's right of reasonable access to the courts does not encompass the Article 78 proceeding he attempted to initiate, and the complaint fails to state a claim on that ground.

Even if Plaintiff did have a right to access the Courts for the purpose of his Article 78 proceeding, Plaintiff's claims nevertheless are barred by substantive limitations on the issues properly subject to litigation in an Article 78 proceeding. Because Article 78 was not a remedy available to challenge the order requiring Plaintiff to submit to a buccal swab, the underlying claim on which he seeks to base his denial of access claim is "indisputably meritless" and the access claim fails with it. *Livingston*, 141 F.3d at 437.

An Article 78 proceeding is a New York state statutory action that displaced the common law actions for writs of certiorari, mandamus, and prohibition against government officials. *See* N.Y. C.P.L.R. § 7801; Siegel, N.Y Prac. § 557 (6th ed.). By its terms, however, an Article 78 proceeding may not be brought "to challenge a determination which was made in a civil action or criminal matter unless it is an order summarily punishing a contempt committed in the presence

---

[3] If Plaintiff was represented by counsel in the criminal prosecution at the same time he was trying to file the Article 78 proceeding to challenge a decision made in that case, that is a separate bar to the action here. "[I]f an inmate is represented by counsel, there can be no violation of his constitutional right to access the courts as a matter of law." *Faulk v. New York City Dep't of Corr.*, No. 08-cv-01668 (LGS), 2014 WL 239708, at *8 (S.D.N.Y. Jan. 21, 2014) (internal quotation marks and citation omitted).

of the court." N.Y. C.P.L.R. § 7801(2). As a result, Article 78 proceedings may not seek to review a decision made in a criminal case, such as the order here that Plaintiff submit to a buccal swab. Admittedly, New York state courts have found two narrow exceptions to this general rule. However, neither saves Plaintiff's Article 78 proceeding.

First, an Article 78 proceeding in the nature of a writ of mandamus is available "to compel a governmental entity or officer to perform a purely ministerial duty but does not lie to compel an act which involves an exercise of judgment or discretion." *Brusco v. Braun*, 645 N.E.2d 724, 725-26 (N.Y. 1994). Such ministerial functions are those where the official is bound by law to take some action, and the Article 78 proceeding seeks to compel the action. These sorts of actions are available to compel a judge to action, where Article 78 would otherwise not be available, when the action in question is mandated by statute or the law. In *Brusco*, for example, the Article 78 proceeding sought to compel the issuance of a judgment to which the Petitioner was entitled by law. *Id.* at 726. Rather than issue the judgment, the judge had imposed additional substantive requirements not present in the statutory scheme. *Id.* at 726-27. However, the New York Court of Appeals held that the issuance of the judgment was purely ministerial, as the statute in question stated that upon a certain showing (which all parties agreed had been made) that the judge "shall render judgment in favor of the petitioner." *Id.*

Second, an Article 78 proceeding in the nature of a writ of prohibition may be used to restrain a judge or other judicial officer from acting outside his jurisdiction. *Town of Huntington v. New York State Div. of Human Rights*, 624 N.E.2d 678, 679-80 (N.Y. 1993) ("The extraordinary writ of prohibition is available to address whether a body or officer proceeded, is proceeding or is about to proceed without or in excess of jurisdiction"); *Schumer v. Holtzman*, 454 N.E.2d 522, 524-25 (N.Y. 1983) (Article 78 proceeding is available to challenge the appointment of a special prosecutor in a criminal election investigation). These types of Article

78 proceedings also do not challenge discretionary or substantive court decisions, since any decision made without jurisdiction is invalid ab initio. *Town of Huntington*, 624 N.E.2d 679-80. In so deciding, New York courts emphasize, however, that the remedy is narrow and "not available to correct common procedural or substantive errors." *Id.* at 680.

Plaintiff's intended Article 78 proceeding did not fit into either of these narrow categories, and thus would have been barred by the proscription against using Article 78 to "challenge a determination which was made in a civil action or criminal matter . . . ." N.Y. C.P.L.R. § 7801(2). The Complaint, as supplemented by Plaintiff's opposition, makes clear that he wished to challenge an order by the judge in his pending criminal prosecution that required him to submit to a DNA test. *See* Complaint at 5; Plaintiff Opposition at 7, 9. As the Government suggests, a challenge to this order is properly raised in an appeal from a resulting conviction, if one were entered. *See* Reply at 3-6. By the terms of its originating statute, Article 78 does not provide an alternative mechanism for doing so. *See* N.Y. C.P.L.R. § 7801(2). Neither exception applies either. The buccal swab order (or its denial) was not a ministerial action. Neither does the alleged error of the state court in issuing the buccal swab order suggest that the court was without jurisdiction such that a writ of prohibition was available. *See Jacobs v. Altman*, 504 N.E.2d 688 (N.Y. 1987) ("Prohibition is generally not available to collaterally review an arguable error of law committed in a pending criminal action" (internal citations omitted)). Any argument to the contrary is "indisputably meritless" because it "lacks an arguable basis in law." *Livingston*, 141 F.3d at 437. Plaintiff's underlying Article 78 claim was thus frivolous and cannot serve as the basis for a claim that he was denied access to the courts.

Finally, Plaintiff's Complaint also fails because, even read liberally, it does not allege that any interference with his mail was "deliberate" or "malicious." *Jean-Laurent*, 2013 WL 1129813, at *4. Consistent with the pleading standard for all elements of claims in federal

courts, the defendants' deliberateness or maliciousness must be demonstrated by pleading facts. *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff *pleads factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Plaintiff merely claims in passing that his "injury was the result of defendant's [sic] deliberate conduct." Opposition at 19. The Court cannot accept such a conclusory allegation without at least some specific fact linking an individual's actions to the purported delays in Plaintiff's mail. *Chavis v. Chappius*, 618 F.3d at 170 ("threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also Redd v. Garell*, 2020 WL 1189491, at *7-8 (S.D.N.Y. Mar. 12, 2020) (holding that a pro se prisoner plaintiff failed to allege a First Amendment claim where the allegations in the complaint were "wholly conclusory").

      The Complaint likewise does not sufficiently allege municipal liability against the City of New York for any denial of access to the Courts. Plaintiff does not allege any "persistent or widespread" policy or practice of the City, or a city-wide deliberate indifference to rights like the one Plaintiff seeks to redress here. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 692-94 (1978); *Patterson v. Cty. of Oneida*, 375 F.3d 206 (2d Cir. 2004). Plaintiff claims that prison officials' alleged failure to follow the Board of Correction's Minimum Standards constitutes such a policy. *See* Complaint 4-5; Opposition at 11. However, failure to comply with these policies is not sufficient to allege *Monell* liability. *Cf. Little v. Municipal Corp.*, 51 F. Supp. 3d 473, 482, 501-502 (S.D.N.Y. 2014) (holding both that failure to comply with the Board of Correction's Minimum Standards is not an actionable deprivation of rights and that no *Monell* liability attached). Additionally, Plaintiff's failure to allege a constitutional violation by the individual defendants dictates that the Court should forego the *Monell* liability analysis altogether. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam) (holding

that a Plaintiff has no claim under *Monell* against a municipality if there is not a constitutional injury caused by an individual municipality agent); *Matican v. City of New York*, 524 F.3d 151, 154-55 (2d Cir. 2008).

C.      *Leave to Amend*

While courts often grant a pro se Plaintiff leave to amend, leave is not appropriate here. The Second Circuit has instructed that "a pro se plaintiff . . . should be afforded the [] opportunity . . . to amend his complaint prior to its dismissal for failure to state a claim, unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1990). Here, Plaintiff was given leave to amend his Complaint, *see* ECF #20, 26, but failed to file an Amended Complaint. Moreover, the deficiencies in Plaintiff's claims cannot be cured by amendment. Even if Plaintiff were to point to facts constituting a pattern of deliberateness in preventing his access to the mail, it remains true that he does not have a right, under any set of facts, to pursue a frivolous Article 78 proceeding that is barred by New York law. Because amendment cannot change that, further leave to amend would be futile.

## **CONCLUSION**

Plaintiff asserts in his Complaint a right to access the courts to pursue an Article 78 proceeding that was apparently unrelated to his confinement and which the Court cannot link to any conviction. No such right exists. Moreover, New York substantive law would bar the Article 78 proceeding, even if Plaintiff had been able to file it. Thus, the claim was frivolous. In addition to these deficiencies, Plaintiff has failed to allege facts that plausibly would impose liability on either the City of New York or the individual defendants. As a result, Defendants' Motion to Dismiss is GRANTED. The Clerk of Court is respectfully requested to close the case.

The Court will mail a copy of this opinion to Plaintiff.

**SO ORDERED.**

**Date:  July 20, 2020**  **MARY KAY VYSKOCIL**
**New York, NY**  **United States District Judge**